UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

KERRY RUSSELL,

                Plaintiff,          Civil No. 15-1669 (NLH/KMW)

v.

                                    **MEMORANDUM OPINION**

CITY/TOWN OF HAMMONTON,        **AND ORDER**

                Defendant.

_____

**APPEARANCES:**

Kerry Russell
200 North Aurburn Street
Landisville, New Jersey 08325

       *Plaintiff Pro Se*

**HILLMAN, District Judge:**

    This matter having come before the Court by way of
Plaintiff's application to proceed in forma pauperis (hereafter,
"IFP application") in this action and by way of Plaintiff's
complaint; and

    The Court recognizing that when a non-prisoner seeks
permission to file a civil complaint in forma pauperis under 28
U.S.C. § 1915, the Prison Litigation Reform Act (hereafter,
"PLRA") requires the person to submit an affidavit that includes
a statement of all assets and that the person is unable to pay
such fees or give security therefor, see 28 U.S.C. § 1915(a);
and

    The Court recognizing that the decision to grant or deny an

1

IFP application is based solely on the economic eligibility of the petitioner, see Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976); and

The Court having reviewed Plaintiff's IFP application and affidavit of poverty, and Plaintiff having signed the affidavit in support of his IFP application declaring under penalty of perjury that he is unable to pay the costs of these proceedings, accordingly, based on the information contained therein, the Court hereby grants Plaintiff's application to proceed in forma pauperis in this case and directs the Clerk to file the complaint in this action; and

The Court also noting that under the PLRA the Court, prior to docketing or as soon as practicable after docketing, must also review the complaint in a civil action in which a plaintiff is proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2)(B). The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.; and

The Court further noting that a "document filed pro se is to be liberally construed, . . . and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"  Erickson v.

2

Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972); and

In considering whether Plaintiff's complaint fails to state a claim, the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) ("[I]n deciding a motion under Fed. R. Civ. P. 12(b)(6), [a district court is] . . . required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to" the plaintiff); and

The Court asking "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'") (citation omitted); and

The Court noting that under the Twombly/Iqbal standard, a district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing

<u>Iqbal</u>, 129 S. Ct. at 1949); and

The Court finding that the complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Specifically, Plaintiff's complaint does not contain factual averments to support his claims for relief; and

The Court, in so finding, notes that Plaintiff submitted a separate document, which is also labeled "initial complaint," that appears to contain the factual underpinnings of this action.  However, this document fails to comply with Fed. R. Civ. P. 10(b), which requires the claims to be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Moreover, this document appears to be a brief in support of Plaintiff's complaint rather than an initial pleading, as it contains substantial citation to case law and does not specifically delineate any causes of action against Defendants;[1] and

---

[1] Plaintiff names as defendants the "City/Town of Hammonton" as well as "Buena Township."  Plaintiff is advised that a municipality cannot be held liable for the actions of its employees solely based on the doctrine of respondeat superior. <u>Monell v. New York City Dep't of Social Services</u>, 436 U.S. 658, 691–95 (1978); <u>Bielevicz v. Dubinon</u>, 915 F.2d 845, 849–50 (3d Cir. 1990).  In order to successfully state a claim for municipal liability, a plaintiff must allege that the employees'

4

The Court noting that <u>pro</u> <u>se</u> complaints are to be construed liberally, but a plaintiff must still comply with the requirements of the Federal Rules of Civil Procedure. <u>Gilligan v. Cape May Cty. Corr.</u>, Civ. No. 05-1177, 2006 WL 3454864, at *2 (D.N.J. Nov. 28, 2006) ("Even though a court will often be more lenient with <u>pro</u> <u>se</u> litigants, such litigants 'cannot be excused from compliance with the plain text of the federal rules and court orders.'") (internal citation omitted); and

The Court finding that because the documents submitted by Plaintiff do not comply with the Federal Rules of Civil Procedure, the Court cannot assess whether the complaint states a claim for relief in accordance with the standard set forth in <u>Twombly</u>/<u>Iqbal</u>, and the Court will therefore dismiss the complaint, without prejudice to Plaintiff's right to file an amended complaint that complies with the court rules; and

ACCORDINGLY, it is on this  31st  day of  August  2015,

ORDERED that Plaintiff's IFP Application be, and the same hereby is, <u>GRANTED</u>; and it is further

---

actions were pursuant to a policy or custom of the municipality itself.  <u>Monell</u>, 436 U.S. at 694; <u>Watson v. Abington</u>, 478 F.3d 144, 155 (3d Cir. 2007).  The documents submitted to the Court by Plaintiff do not contain any allegations of municipal policy or custom to support a claim against either of the municipalities.  Any amended complaint should address this pleading deficiency.

ORDERED that the Clerk is directed to file Plaintiff's complaint in this action; and it is further

ORDERED that Plaintiff's complaint be, and the same hereby is, DISMISSED WITHOUT PREJUDICE; and it is further

ORDERED that the Clerk is directed to mark this matter as CLOSED; and it is further

ORDERED that Plaintiff is granted leave to file an amended complaint in this action within thirty (30) days of the date of this Memorandum Opinion and Order which complies with the Federal Rules of Civil Procedure and sets forth sufficient facts demonstrating that Plaintiff has a plausible claim for relief.


                 s/ Noel L. Hillman
                 NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey