UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

KERRY RUSSELL,

                                Civil No. 15-1669 (NLH/KMW)

        Plaintiff,       **OPINION**

v.

THE CITY/TOWN OF
HAMMONTON, et al.,

        Defendants.
_____

**APPEARANCES:**

Kerry Russell
200 North Aurburn Street
Landisville, New Jersey 08325

    *Plaintiff Pro Se*

**HILLMAN, District Judge:**

    This screening follows the filing of Plaintiff's Amended Complaint [Doc. No. 3]. On August 31, 2015, the Court granted Plaintiff's IFP application [Doc No. 2] and dismissed Plaintiff's Complaint without prejudice because the Court was unable to determine whether the Complaint stated a claim for relief. After reviewing Plaintiff's Amended Complaint, the Court will dismiss Plaintiff's Amended Complaint without prejudice, except to the extent Plaintiff states a malicious prosecution claim against the individual officers.

Under the Prison Litigation Reform Act (PLRA) the Court, prior to docketing or as soon as practicable after docketing, must also review the complaint in a civil action in which a plaintiff is proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2)(B).  The PLRA requires the Court to *sua sponte* dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.  A "document filed pro se is to be liberally construed, . . . and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972).

In considering whether the plaintiff's complaint fails to state a claim, the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) ("[I]n deciding a motion under Fed. R. Civ. P. 12(b)(6), [a district court is] . . . required to accept as true all factual allegations in the

2

complaint and draw all inferences from the facts alleged in the light most favorable to" the plaintiff).

The Court must ask "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 583 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'") (citation omitted).

"A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief.  If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]" Jones v. Bock, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007).  "A United States District Court may *sua sponte* raise the statute of limitations in screening a complaint so long as the statute of limitations defect is apparent from the face of the complaint and/or from matters of which judicial notice may be had." Barren v. Allegheny Cnty., Pa., No. 14-692, 2014 WL 4384598, at *7 (W.D. Pa. Sept. 4, 2014) aff'd sub nom. 607 F. App'x 130 (3d Cir. 2015).

I.     FACTS AND PROCEDURAL HISTORY

Plaintiff alleges that on February 5, 2012, he was stopped by Officer Rigby of the Hammonton Police Department because his license plate was covered by debris.  Plaintiff alleges Officer Rigby conducted a sobriety and Breathalyzer test after detecting the smell of alcohol on Plaintiff, which resulted in Plaintiff being charged with a DUI.  Plaintiff further alleges that over one month later, Officer Rigby falsely claimed that he stopped Plaintiff again for driving with a suspended license.  Officer Rigby thereafter obtained a warrant for Plaintiff's arrest. Plaintiff was arrested on March 20, 2012 by Officer Rigby and unknown Buena Township Police Officers and then transferred to the Atlantic County Detention Center where he posted bail. Plaintiff alleges he was strip searched at the detention center. On March 6, 2013, all charges against Plaintiff were dropped by the prosecutor because Plaintiff was "illegal[ly] stopped."

II.    DISCUSSION

The Court has construed seven claims in Plaintiff's Amended Complaint (hereafter, "Complaint"): false arrest, unlawful strip search, conspiracy, municipal liability, malicious prosecution, violations of the New Jersey Civil Rights Act, and selective enforcement/racial profiling.

1. **False Arrest, Strip Search and Conspiracy**

Plaintiff seems to claim he was falsely arrested on two occasions, first on February 5, 2012 and again on March 20, 2012.  Plaintiff alleges he was charged on February 5, 2012 with a DUI then arrested on March 20, 2012 and transferred to the Atlantic County Detention Center.

"To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause."  James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012) (citing Groman v. Twp. of Manalapan, 47 F.3d 628, 634 (3d Cir. 1995); Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir. 1988)).  A claim for false arrest arises when a person is arrested without probable cause and is subsequently detained pursuant to that unlawful arrest.  See Adams v. Officer Eric Selhorst, 449 F. App'x 198, 201 (3d Cir. 2011) (per curiam) (citing Groman, 47 F.3d at 636).  The statute of limitations period for a false arrest claim begins to run when the false imprisonment ends.  Wallace v. Kato, 549 U.S. 384, 389, 127 S. Ct. 1091, 1096, 166 L. Ed. 2d 973 (2007).  A false imprisonment ends once the victim is bound over by a magistrate or arraigned on charges.  Id.  Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. See Wilson v. Garcia, 471 U.S. 261, 280 (1985).  Accordingly, New

5

Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs Plaintiff's claims.

To the extent Plaintiff alleges he was falsely arrested on February 5, 2012 and March 20, 2012, both claims are barred by the statute of limitations. Plaintiff alleges he was charged with a DUI on February 5, 2012. Plaintiff further alleges a warrant was issued for his arrest on March 20, 2012. Thereafter, he alleges he was transferred to the Atlantic County Detention Center "where [he] made bail[]." Id. Plaintiff filed the original complaint in this action on March 6, 2015. The statute of limitations ran on Plaintiff's false arrest claims on February 5, and March 20, 2014, respectively, approximately a year out of time for both events.[1]

For the same reasons, Plaintiff's claim that he was strip searched on March 20, 2012 at the Atlantic County Detention Center is also barred by the statute of limtiations. Additionally, to the extent Plaintiff asserts a claim for civil conspiracy as to these torts, Plaintiff's claims are barred. Muhammad v. Dempsey, 531 F. App'x 216, 219 (3d Cir. 2013) ("A civil conspiracy claim requires a valid underlying tort claim,

---

[1] Under New Jersey Court Rules, a person arrested on a warrant must have bail set no later than 12 hours after arrest. See N.J. Ct. R. 3:4-1(b). Even if Plaintiff made bail on March 21, 2012, the day after he was arrested, his complaint was still filed over one year out of time.

6

see Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 313 (3d Cir. 2003), and § 1983 does not provide an independent cause of action, see Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 407 (3d Cir. 2000)). Therefore, Plaintiff's false arrest, strip search, and related conspiracy claims are dismissed without prejudice.[2]

### 2. Monell Liability

Plaintiff alleges that Officer Rigby and unknown officers in Buena Township and Hammonton, "pursuant to an official policy or custom," unlawfully and maliciously harassed, arrested, and conspired to violate the rights of citizens. Compl. at 16-17. The Court reads Plaintiff's complaint to allege municipal or Monell liability pursuant to Section 1983. See generally Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

Plaintiff in this case has properly named the municipality, Hammonton, as a defendant in this action. However, with respect to Hammonton's involvement, Plaintiff alleges that Hammonton "owned an maintained the Hammonton Police Department and employed the individual defendant[s] sued herein" and is "responsible for the policy of procedures implemented through

---

[2] For the same reasons, Plaintiff's state law tort claims of assault and battery which allegedly occurred on March 20, 2012 in connection with his arrest are time barred.

its various agencies[.]"  Compl. at 3, 4.  This statement is insufficient to establish liability under Monell.  See Hildebrand v. Allegheny County, 757 F.3d 99, 110-11 (3d Cir. 2014) (complaint must plead facts to support Monell liability); McTernan v. City of York, Pa., 564 F.3d 636, 658 (3d Cir. 2009) (stating to satisfy pleading standard for Monell claim, complaint "must identify a custom or policy, and specify what exactly that custom or policy was").  Accordingly, Plaintiff's municipal liability claim is dismissed without prejudice.

### 3. Malicious Prosecution

To the extent Plaintiff alleges he was subject to a malicious prosecution, the Court will allow Plaintiff's claim to proceed in part.  In the context of this claim, Plaintiff names Officer Rigby, unknown Buena Township officers, and the "Municipal of Hammonton" based on respondeat superior.

As an initial matter, it is well established that local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior.  Monell, 436 U.S. at 690-91, 694 (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  "A defendant in a civil rights action

8

must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).

Again, Plaintiff did not plead a specific policy or custom by Hammonton which caused Plaintiff's injury. Further, Hammonton cannot be liable solely through the operation of respondeat superior. As such, Plaintiff's malicious prosecution claim against Hammonton is dismissed without prejudice.

To the extent Plaintiff's malicious prosecution claim is asserted against the individual officers, however, Plaintiff's claim may proceed. A constitutional claim for malicious prosecution in the Third Circuit pursuant to Section 1983 and New Jersey law requires a plaintiff to establish four elements: "that the defendant (1) instituted proceedings (2) without probable cause ... (3) with legal malice; and (4) the proceedings terminated in favor of the plaintiff." Trabal v. Wells Fargo Armored Serv. Corp., 269 F.3d 243, 248 (3d Cir. 2001) (citing Lightning Lube v. Witco Corp., 4 F.3d 1153, 1197 (3d Cir. 1993)). A plaintiff's "[f]ailure to prove any one of these four elements denies the plaintiff a cause of action [for malicious prosecution.]" Trabal, 269 F.3d at 248 (citing

9

Fleming v. United Parcel Serv., 642 A.2d 1029, 1030 (N.J. Super. Ct. App. Div. 1992), cert. denied, 516 U.S. 847 (1995)).

In order to satisfy the favorable termination element, the Third Circuit requires that a prior criminal case was disposed of in a way that indicates the innocence of the accused. Donahue v. Gavin, 280 F.3d 371, 383 (3d Cir. 2002); see also Hector v. Watt, 235 F.3d 154, 156 (3d Cir. 2000) (noting that "a plaintiff claiming malicious prosecution must be innocent of the crime charged in the underlying prosecution"). Accordingly, "a malicious prosecution claim cannot be predicated on an underlying criminal proceeding which terminated in a manner [that is] not indicative of the innocence of the accused." Kossler v. Crisanti, 564 F.3d 181, 187 (3d Cir. 2009). Generally, a favorable termination includes: "(a) a discharge by a magistrate at a preliminary hearing, or (b) the refusal of a grand jury to indict, or (c) the formal abandonment of the proceedings by the public prosecutor, or (d) the quashing of an indictment or information, or (e) an acquittal, or (f) a final order in favor of the accused by a trial or appellate court." Donahue, 280 F.3d at 383 (citation omitted).

Here, Plaintiff has attached to his complaint the formal abandonment of the proceedings by the public prosecutor. Accordingly, this prong of Plaintiff's malicious prosecution claim is satisfied. Plaintiff has also sufficiently plead the

10

remaining elements of the claim: that the criminal proceedings against him lacked probable cause and were initiated with legal malice.  Accordingly, Plaintiff's malicious prosecution claims against the individual officers may proceed.[3]

4. **New Jersey Civil Rights Act**

In addition to his federal civil rights claims, Plaintiff asserts claims under the analogous New Jersey Civil Rights Act (NJCRA).  N.J.S.A. 10:6-1.  Like Section 1983, NJCRA is a means of vindicating substantive rights and is not a source of rights itself.  Gormley v. Wood-El, 218 N.J. 72, 98, 93 A.3d 344, 358 (2014).

Plaintiff seeks redress pursuant to the NJCRA based on the same facts plead in support of his Federal civil rights claims. For the same reasons that Plaintiff's Section 1983 claims will be dismissed, Plaintiff's state civil rights claims will be dismissed.  Hottenstein v. City of Sea Isle City, 977 F. Supp. 2d 353, 365 (D.N.J. 2013) ("This district has repeatedly interpreted NJCRA analogously to § 1983.") (citing Pettit v. New Jersey, 2011 WL 1325614, at *3 (D.N.J. Mar. 30, 2011); Armstrong

---

[3] Plaintiff's malicious prosecution claim is not likewise barred by the statute of limitations because the claim accrues at the time the criminal proceeding is terminated in the plaintiff's favor. Hill v. Algor, 85 F. Supp. 2d 391, 413 (D.N.J. 2000). Plaintiff's indictment was dismissed on March 6, 2013. Plaintiff's original complaint was filed March 6, 2015.  Thus Plaintiff's malicious prosecution claim did not accrue when Plaintiff's original complaint was filed.

11

v. Sherman, No. 09-716, 2010 WL 2483911, *5 (D.N.J. June 4, 2010) ("[T]he New Jersey Civil Rights Act is a kind of analog to section 1983...."); Johnson v. Passaic Cnty., No. 13-4363, 2014 WL 2203842, at *9 (D.N.J. May 23, 2014) (New Jersey Civil Rights Act claims are also governed by the two-year statute of limitations); Smith-Harper v. Thurlow, No. 15-1254, 2015 WL 3401419, at *3 (D.N.J. May 26, 2015) (citing Brown v. City of Newark, No. 09-3752, 2010 WL 1704748, at *4 (D.N.J. Apr.26, 2010) (stating that although New Jersey Civil Rights Act does not contain an express statute of limitations, language of New Jersey's generally-applicable personal injury statute combined with Act's similar purpose and design to Section 1983 convinces the court that two-year statute of limitations applies)).

### 5. Selective Enforcement/Racial Profiling

Plaintiff generally alleges his arrest on March 20, 2012 was the result of selective enforcement/racial profiling. Compl. at 29. A Section 1983 selective enforcement claim begins to accrue when the plaintiff is stopped by police officers. Dique v. New Jersey State Police, 603 F.3d 181, 188 (3d Cir. 2010). Again, Plaintiff was arrested on March 20, 2012 and did not file his original complaint until March 6, 2015. Thus, Plaintiff's claims are barred by the statute of limitations and will be dismissed without prejudice.

**III. CONCLUSION**

In conclusion, Plaintiff's Amended Complaint will be dismissed without prejudice except to the extent Plaintiff states a malicious prosecution claim against Officer Rigby and unknown Buena Township police officers.  The Court will Order the Clerk to issue summons and the United States Marshal shall serve summons, the Complaint and this Order upon Defendants, with all costs of service advanced by the United States.

An Order consistent with this Opinion will be entered.

           s/ Noel L. Hillman  
           NOEL L. HILLMAN, U.S.D.J.

Date:  December 15, 2015

At Camden, New Jersey